IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HENRY THOMPSON, | : | CIVIL NO. 1:CV-13-2979 |
| Petitioner, | : | |
| | : | (Judge Kane) |
| v. | : | |
| | : | |
| | : | |
| DOMINIC DEROSE, | : | |
| Respondent | | |

**MEMORANDUM**

Presently before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1) filed by Henry Thompson ("Thompson"), a federal inmate incarcerated at the Federal Transfer Center in Oklahoma City, Oklahoma. When he filed this action, he was confined at the Dauphin County Prison, Pennsylvania.[1] Along with the petition, he submits a motion seeking leave to proceed in forma pauperis in this matter. (Doc. No. 2.) In the petition, Thompson challenges his conviction and sentence in the United States District Court for the Middle District of Pennsylvania on two counts of violating 18 U.S.C. § 1952(a)(3), Interstate Travel in Aid of Racketeering. For the reasons set forth below, the motion to proceed in forma pauperis will be granted for the sole purpose of filing the instant petition, and the petition will be dismissed for lack of jurisdiction.

**I.  Background**

On May 8, 2013, Thompson waived indictment by a grand jury and pled guilty in the

---

[1]  Although Thompson has since been transferred to a prison located outside of the Middle District of Pennsylvania, this Court retains jurisdiction over the petition. Jurisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change. See Chapman v. Mairoanna, No. 12-4116, 2013 WL 1491550, at *1 n. 1 (3d Cir. Apr. 12, 2013)(quoting Blair-Bey v. Quick, 151 F.3d 1036, 1039 n. 1 (D.C. Cir. 1998)); Middleton v. Schult, 299 F. App'x 94, 95 n. 1 (2d Cir. 2008).

United States District Court for the Middle District of Pennsylvania to a two-count felony information charging him in each court with a violation of 18 U.S.C. § 1952(a)(3), Interstate Travel in Aid of Racketeering.  See USA v. Molina-Erazo, et al., Civil No. 1:11-cr-00077 (M.D. Pa.)(Conner, J.)  He was sentenced on November 21, 2013, to a term of imprisonment of 120 months (60 months for each count), along with fines and a term of supervised release.  On December 4, 2013, he filed a Notice of Appeal to the Third Circuit Court of Appeals.  The appeal remains pending at this time.  A motion for resentencing filed in the Middle District was denied on December 10, 2013.  No other challenges to the conviction and sentence have been filed.

In the pending petition, Thompson challenges his conviction and sentence on several grounds.  He claims the sentencing court did not properly invoke subject matter jurisdiction.  He also claims that he did not understand the nature of the charges and that the court committed other reversible errors.

**II.     Discussion**

This matter is before the Court for screening.  28 U.S.C. § 2243.  The petition has been give preliminary consideration pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977)(applicable to § 2241 petition under Rule 1(b)).  See Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).  Rule 4 may be applied at the discretion of the district court as it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer.  Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970).

Challenges to the legality of federal convictions or sentences that are allegedly in

violation of the Constitution may generally be brought only in the district of sentencing pursuant to 28 U.S.C. § 2255.  Okereke v. United States, 307 F.3d 117 (3d Cir. 2002)(citing Davis v. United States, 417 U.S. 333, 342 (1974)); see In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997).  Once relief is sought via section 2255, an individual is prohibited from filing a second or subsequent 2255 petition unless the request for relief is based on "newly discovered evidence" or a "new rule of constitutional law."  28 U.S.C. § 2255.

Further, such claims may not be raised in a § 2241 petition except in unusual situations where the remedy by motion under § 2255 would be inadequate or ineffective.  See 28 U.S.C. § 2255; see Dorsainvil, 119 F.3d at 251-52.  Importantly, § 2255 is not "inadequate or ineffective" merely because the sentencing court has previously denied relief.  See id. at 251.  Nor do legislative limitations, such as statutes of limitation or gatekeeping provisions, placed on § 2255 proceedings render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this Court.  Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002); United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000); Dorsainvil, 119 F.3d at 251.  If a petitioner improperly challenges a federal conviction or sentence under section 2241, the petition must be dismissed for lack of jurisdiction.  Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971).

In the instant case, Thompson attempts to raise claims in the pending § 2241 petition that clearly fall within the purview of § 2255.  As noted above, he may not raise his present claims in a § 2241 petition without establishing that the remedy by motion under § 2255 would be inadequate or ineffective.  See 28 U.S.C. § 2255; see Dorsainvil, 119 F.3d at 251-52.  Clearly, he is unable to establish inadequacy or ineffectiveness as he has not yet sought relief by filing a

motion pursuant to § 2255. He is not time-barred from doing so in that he was just recently sentenced on November 21, 2013, and his direct appeal is still pending before the Third Circuit. See 28 U.S.C. § 2255(f). Even if he was time-barred from pursuing such relief, his personal inability to utilize § 2255 would not establish the inadequacy or ineffectiveness of said remedy. Further, even if he had raised his claims pursuant to a § 2255 motion, his lack of success in that forum would not entitle him to proceed pursuant to § 2241. The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. Consequently, the Court will dismiss this § 2241 petition for lack of jurisdiction. An appropriate order follows.